IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-mc-00038-MR-DLH

DOUGLAS RAYMOND,[1]            )
                               )
            Plaintiff,         )
                               )
                               )
   vs.                         )            **O R D E R**
                               )
                               )
STEVEN TERNER MNUCHIN,         )
                               )
            Defendant.         )
_____)

**THIS MATTER** is before the Court on the Plaintiff's "Refusal for Cause" filed on July 31, 2017 [Doc. 6].

For the reasons previously stated by the Court [Docs. 3, 5], the Plaintiff's filing [Doc. 6] is frivolous and will therefore be stricken from the record.

In the Court's prior Order, the Plaintiff was warned that future frivolous filings would result in the imposition of a pre-filing review system. [Doc. 5 at 3]. A pre-filing review system is not a sanction which is imposed lightly. The

---

[1] While the caption of the "Registration of Foreign Judgment" identifies the Plaintiff as "Douglas Raymond" [Doc. 1 at 1], it appears that the Plaintiff's name is actually Douglas Raymond Stehling.

Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted).  In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id.  "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."  Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the present case, the Court concludes that the imposition of a pre-filing review is warranted.  The Plaintiff has made a series of frivolous and vexatious filings in the guise of an action for the

registration of a foreign judgment. Despite two prior Orders clearly explaining the baselessness of the Plaintiff's filings, the Plaintiff continues to file his meritless pleadings. These filings are burdensome on the Court, as they have caused the Court to expend considerable time and resources in addressing them. In light of these circumstances, the Court concludes that the Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system.

Before imposing a pre-filing limitation, the Court must offer a litigant the opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. See Vandyke, 2012 WL 2576746, at *3. In the event that the Plaintiff fails to articulate a reason why such a system should not be imposed, the Court will enter an Order directing that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." Id. at *3.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Refusal for Cause" [Doc. 6] is hereby **STRICKEN AS FRIVOLOUS**.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the Plaintiff shall file a single document, not to exceed three (3) pages, succinctly explaining why he believes the Court should not impose the above-described pre-filing review system. **The Plaintiff is expressly warned that his failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system.**

**IT IS SO ORDERED.**

Signed: August 4, 2017

Martin Reidinger
United States District Judge